## CALVIN EDWARDS & *als. versus* STEPHEN GALE.

Where the defendant leased a lot of land to the plaintiffs for a specified annual ground rent, and therein covenanted to erect a building thereon within a stated time, and to let to them the building at a specified rent; and the lease further provided that, "if the said" defendant "shall decline to erect said building" within the time mentioned, "it is agreed that the plaintiffs "*may* go forward and erect the same," &c.; — *Held*, that, in an action of covenant broken for not erecting the building, the language, "if the said" defendant "shall decline to erect said building," must be construed to mean — if the said defendant shall violate his contract, then the plaintiffs may proceed and perform it for him.

This permission may be relied upon only in the reduction of damages, and not for such purpose if the defendant has thrown any obstacles in the way of a reasonable performance of the plaintiffs' stipulated rights.

On Exceptions from *Nisi Prius*, Rice, J., presiding.

Covenant Broken. The action was upon the following covenant in a lease, dated June 2, 1854, given by the defendant and his wife, in her right, to the plaintiffs : — " And the said Gales agree, during the year 1855, to build upon said lot, [a lot described in the lease,] a brick building, four stories high, with the same fitted for two stores underneath ; and the said Gales agree to keep an accurate account of the expense of building said block of stores, and exhibit the same to the said Calvin Edwards & Co., and to let them to the said Calvin Edwards & Co., until the first day of Jan., 1866."

The lease also contained the following clause : — " And if the said Gales shall decline to build said block of stores in the year 1855, it is agreed, between the parties, that the said Calvin Edwards & Co. *may go forward and build said block* with two stores underneath, in the year 1855, and keep an exact account of the expense of said building and exhibit—the said Gales, and then the said Calvin Edwards & Co. may occupy and have the use of said building until the first day of January, 1866, by paying the ground rent above."

It appeared that the defendant did not erect any building upon the lot described.

The presiding Judge directed a nonsuit, and the defendant excepted.

*John Rand,* for the defendant, contended that the defendant did not bind himself *absolutely* to erect the building.

If he declined to erect the building, he was not to pay damages, but the plaintiffs might go forward and build, &c. It was optional with the defendant whether to build or not.

*J. C. Woodman & M. B. Butler,* for the plaintiffs.

The opinion of the Court was drawn by

CUTTING, J.—The plaintiffs seek to recover damages for the non-performance of a covenant in the lease to them from the defendant and his wife, in her right, of a certain lot of land situated in Portland, on Middle street, being forty feet in front and ninety feet deep, dated June 2d, 1854.

The breach all egedis of the following covenant, viz. :— "And the said Gales agree, during the year 1855, to build upon said lot a brick building, four stories high, with the same fitted for two stores underneath ; and the said Gales agree to keep an accurate account of the expense of building said block of stores, and exhibit the same to said Calvin Edwards & Co., and to let them to the said Calvin Edwards & Co., until the first day of January, 1866."

It requires no citation of authorities to show that this is an absolute, unconditional and independent covenant, which, having been broken, authorized the recovery of damages, unless the defendant can invoke some other part of the lease which will justify the breach.   This he attempts to do, and refers to the following subsequent clause, viz. : —

"And if the said Gales shall decline to build said block of stores in the year 1855, it is agreed, between the parties, that the said Calvin Edwards & Co. may go forward and build said block with two stores underneath, in the year 1855, and keep an exact account of the expense of said building and exhibit—the said Gales, and then the said Calvin Edwards & Co. may occupy and have the use of said building until the first day of January, 1865, by paying the ground rent above."

We think this stipulation is not a full defence to this action.   It was manifestly inserted for the benefit of the lessees. *They may go forward*, not, *shall* go forward.   The language, " if the said Gales shall decline to build said block," must be construed to mean — if the said Gales shall violate their covenant, then the plaintiffs may proceed and perform it for them, which permission can be relied upon only in the re-

duction of damages, and not even for such purpose, provided it shall appear, on another trial, that the defendant has thrown any obstacles in the way of a reasonable performance of the plaintiffs' stipulated rights, which will be a question of fact for the jury to settle.

*Nonsuit taken off and the action to stand for trial.*

APPLETON, C. J., WALTON, DICKERSON and BARROWS, JJ., concurred.

The following views were submitted by

DAVIS, J. —I am strongly inclined to the opinion, taking the whole agreement together, that it was the intention of the parties that it should be at the option of the defendants whether to build, or to "decline," and let the plaintiffs build. But if so, there were still conditions to be performed by defendants, which they could not perform after conveying the land; and the plaintiffs, even if not actually prevented, could not "go forward and build" with any safety. The defendants, therefore, not only *declined* to build; they, by their conveyance, prevented the plaintiffs from building. Whatever construction, therefore, is given to the agreement, the facts proved show a breach of it, for which the damages recoverable would be the same. I therefore concur in the conclusion of the opinion.